```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**DOUGLAS HOLDING CO., et. al.,**

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:14-14200

**CITY OF PRINCETON, et. al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiffs' motion for leave to amend their Complaint. (Doc. No. 32). In the motion to amend, plaintiffs seek leave of the court to "provide a more clear statement of the claims made against Defendants and individualize[] the causes of action." Motion to Amend at ¶ 7. The amended complaint also "sets forth contractual theories of liability that were developed during the depositions taken in this matter." Id. at ¶ 8. Defendants oppose the proposed amendment.

    Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that

amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).  Because the motion to amend was filed prior to the deadline for the amendment of pleadings contained in the scheduling order, Rule 16(b)'s good cause requirement need not be satisfied in this instance.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiffs in filing their motion to amend.  Furthermore, at this juncture, the court cannot find that plaintiffs' claims against defendants are futile.  While the claims may ultimately be subject to dismissal or the entry of judgment in defendants' favor, it is not clear at this point in the proceeding that such

a claim is futile.  See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Indeed, the only 15(a) factor really implicated, and the one on which defendants base the majority of their opposition to the proposed amendment, is whether such an amendment would cause defendants undue prejudice.  Given that discovery has not yet closed and the deadlines for amended pleadings has not passed, the court cannot say that defendants will suffer undue prejudice by the filing of the amended complaint.  Plaintiffs contend that the new contractual theories of liability included in the proposed amended complaint were only developed once depositions were taken in this matter.  The Fourth Circuit has stated that

> [w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."  (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (internal citations omitted).  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

While defendants argue that they may need to redepose certain individuals, the court finds that this fact does not justify denial of the motion to amend.  The new contractual theories of liability appear to be related to the underlying allegations of the original complaint.  For this reason, the court cannot say that extensive further discovery will be required.  Furthermore, there is no indication that any additional discovery could not be completed prior to the discovery cutoff date.  Accordingly, the court finds that defendants will not suffer undue prejudice because of the proposed amendment.

Based on the foregoing, plaintiffs have established that they are entitled under Rule 15 to amend their Complaint.  Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint.  Furthermore, because of the court's ruling on the motion to amend, defendants' motion to dismiss (Doc. No. 19), defendants' motion for summary judgment (Doc. No. 25), and defendants' motion to strike plaintiffs' amended complaint (Doc. No. 31) are **DENIED** without prejudice as moot.[*]  If they choose, defendants may renew their motions by

---

[*] "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001). "Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint." Sennott v. Adams, C/A No. 6:13-cv-02813-GRA, 2014 WL 2434745, *3 (D.S.C. May 29, 2014) (declining to consider defendants' motion to dismiss as applicable to amended complaint "[d]ue to complexity of this case, and because Plaintiff's amendments seek to remedy the

refiling the same motions or file new motions responsive to the amended complaint if appropriate. For example, defendants' motion to dismiss sought only to dismiss plaintiffs' age discrimination claim. However, the amended complaint does not contain an age discrimination claim per se. However, it does contain a "First Cause of Action" called "Violation of Constitutional Rights" which mentions "age" and "discrimination." The exact contours of this claim are unclear to the court and, while it may be subject to dismissal under <u>Twombly</u> and <u>Iqbal</u>, the inclusion of this claim alone does not merit denying the motion to amend. In any event, the motion to dismiss is not specifically directed to this count.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 24th day of October, 2014.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

---

defects raised in Defendants' Motion to Dismiss").